IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID M. URSTA, )
)
       Plaintiff, )
)
    v. ) Civil Action No. 17-1129
)
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
       Defendant. )

O R D E R

AND NOW, this 13th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") and in finding him to be not disabled because he ignored and rejected substantial evidence. Specifically, Plaintiff contends that the RFC and corresponding hypothetical question to the vocational expert ("VE"), as formulated by the ALJ, failed to account for the opinions of the consultative examiner and state reviewing agent that he was limited to performing light work and evidence regarding his neuropathy and back pain. The Court disagrees and finds that substantial evidence supports the ALJ's decision.

Plaintiff is correct that the consultative examiner, Khalid Mack, M.D., and the state reviewing agent, Juan Mari-Mayans, M.D., both opined that he would be restricted to a range of light work, as defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 102-113, 476-88). He is also correct that the ALJ did not incorporate that aspect of Dr. Mack's and Dr. Mari-Mayans' opinions into the RFC or hypothetical to the VE. However, contrary to Plaintiff's contention, the ALJ did not "ignore" these opinions, but rather discussed them at significant length. He explained why he was giving limited weight to the opinions insofar as they would limit Plaintiff to a range of light work, particularly because they were inconsistent with, and rendered without the benefit of, the opinion of treating physician Melissa Tomer, DPT. As the ALJ discussed, Dr. Tomer found that Plaintiff was capable of performing medium work according to the Dictionary of Occupational Titles with certain postural restrictions (R. 501-512), and the ALJ gave this opinion great weight. (R. 27). The ALJ also noted that Plaintiff's history of non-compliance and his failure to exert full effort at prior examinations further suggested that his symptoms were not as severe as alleged. (R. 28).

It is, of course, an ALJ's duty to consider and weigh the medical opinion evidence of record. See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981); Dula v. Barnhart, 129 Fed. Appx. 715, 718 (3d Cir. 2005); 20 C.F.R. §§ 404.1527(c), 416.927(c). That is precisely what happened here. The ALJ provided a thorough explanation for the weight afforded to the various opinions in the record and substantial evidence supports his findings. Indeed, the Court notes that the opinion of a claimant's treating physician generally is to be afforded significant weight, and the ALJ here gave great weight to the opinion of treating physician Dr. Tomer. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Moreover, in determining a claimant's RFC, the ALJ is by no means limited merely to considering and discussing medical opinion evidence.

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED, and Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

        capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011).

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Here, the ALJ not only discussed the various medical opinions, but all of the record evidence, including the objective medical evidence, Plaintiff's treatment history, his compliance history, and his activities of daily living, and explained how this evidence was consistent with the RFC he had found. (R. 24-29). Indeed, this is precisely what an ALJ is required to do.

      Plaintiff also suggests that the ALJ, in determining his RFC, discounted evidence regarding the limitations to his upper and lower extremities caused by his neuropathy and the effects of his back pain. However, the ALJ actually did discuss this evidence at length. (R. 24-26). He considered this evidence, and all of the evidence, in determining Plaintiff's RFC. The Court finds that his explanation was more than adequate and that it was supported by substantial evidence.

      Plaintiff further suggests that the postural limitations which the ALJ included in his RFC should have precluded him from medium work, as such work typically involves frequent stooping, crouching, and bending, as well as the ability to be on one's feet for most of the day. However, the ALJ did not find that Plaintiff could perform a full range of medium work, but rather a range limited by a number of postural and environmental restrictions. As such, he utilized a VE, who testified that, despite these additional postural and environmental limitations, there was still sufficient work in the national economy that Plaintiff could perform. See SSR 83-12, 1983 WL 31253 (S.S.A.), at **2-3 (1983); SSR 83-14, 1983 WL 31254 (S.S.A.), at **4-5 (1983).

      Accordingly, for all of the reasons set forth herein, the Court finds no merit in Plaintiff's argument and finds, instead, that substantial evidence supports the ALJ's findings. Therefore, the Court affirms.